IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AARON R. WILSON, SR.,                    )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )       Civil Action No. 26-171-GBW-SRF
                                          )
SERGEANT EUGENE REID,                     )
                                          )
          Defendant.                      )

## REPORT AND RECOMMENDATION

Plaintiff Aaron R. Wilson ("Plaintiff"), filed this action on February 17, 2026, alleging

violations of his constitutional rights under the Fourth and Fourteenth Amendments pursuant to

42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma*

*pauperis*. (D.I. 5) The court proceeds to review and screen Plaintiff's amended complaint

pursuant to 28 U.S.C. §§ 1915(e)(2)(b). For the reasons set forth below, I recommend that the

Complaint be DISMISSED WITHOUT PREJUDICE.

## I.    BACKGROUND

Plaintiff's complaint names as a defendant Sergeant Eugene Reid, Professional Standards

Unit, New Castle County Division of Police. (D.I. 2) Plaintiff appears to allege that he is

disabled, and on an unknown date, an unnamed officer placed handcuffs behind plaintiff's back,

in violation of the Fourth and Fourteenth Amendments, and the Americans with Disabilities

Act.[2] Plaintiff complains that on February 29, 2024, Reid "exonerated" the unnamed officer who

---

[1] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The Americans with Disabilities Act to which Plaintiff refers is found at 42 U.S.C. § 12101 *et seq.*

was the subject of a complaint made by Plaintiff, thus making Reid complicit in the excessive force claim. (*Id.*) Plaintiff suffers a permanent knot on his wrist where the handcuffs were placed. (*Id.* at 7) He seeks money damages in the amount of $150,000. (*Id.)*

Attached to Plaintiff's complaint is a letter from Reid to Plaintiff. The letter states that on February 29, 2024, the New Castle County Division of Police Professional Standards Unit received Plaintiff's complaint about Officer Banks. The complaint was investigated. The Police Professional Standards Unit determined the officer acted within departmental policy and did not violate any laws. Therefore, the status of the complaint was "exonerated."

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails

to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

As pleaded, the complaint fails to state claims upon which relief may be granted against defendant Sergeant Eugene Reid, Professional Standards Unit, New Castle County Division of Police. Therefore, the court recommends dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### A. Due Process Claim

Plaintiff complains that, in response to his formal misconduct complaint, Reid violated his Due Process rights by exonerating the officer alleged to have used excessive force. (D.I. 2) To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006); *see also Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).

4

Plaintiff does not complain of any deprivation of a right to present evidence or receive notice. Rather, Plaintiff complains of Reid's ultimate decision. To the extent that Plaintiff complains of a Due Process violation, the complaint does not plausibly identify a constitutionally protected liberty or property interest in the outcome of the professional standards unit investigation. *See Ingraham v. Wright*, 430 U.S. 651, 672–73 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972) (holding that the procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake). Plaintiff does not allege sufficient facts to plausibly suggest that Reid acted to deny Plaintiff a constitutionally protected liberty or property interest. Accordingly, I recommend that any Due Process claim against Reid be dismissed for failure to state a claim upon which relief may be granted.

### B. Supervisory Liability / Excessive Force

Plaintiff's complaint fails to state an excessive force claim against defendant Reid. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not *respondeat superior*). Such involvement may be "shown through allegations of personal direction or of actual knowledge

5

and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Although a supervisor cannot encourage constitutional violations, the supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *see also Matthews v. Graves*, 2014 WL 4743958, at *3 (D. Del. Sept. 19, 2014).

The complaint contains the conclusory allegation that defendant Reid of the Professional Standards Unit is complicit in the use of excessive force because he exonerated the officer on the excessive force complaint. (D.I. 2 at 4) Plaintiff's complaint fails to allege facts that, if proven, would show defendant Reid's personal involvement in the use of handcuffs or any other force against Plaintiff. There are no allegations that defendant Reid participated in violating Plaintiff's rights, directed others to violate them, or, as the person in charge of the officer, had knowledge of the officer's violation.[3] Accordingly, I recommend that any Excessive Force claim against Reid be dismissed for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below.

### ORDER

At Wilmington this __th day of June, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on June __, 2026 is **ADOPTED**.

2.    Plaintiff's claims against defendant Eugene Reid are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Plaintiff has a pending § 1983 excessive force complaint against the officer involved in this event. *See Wilson v. New Castle County Police Dept*, C.A. No. 24-294-GBW-SRF.

6

3.      Plaintiff is granted leave until on or before _____, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation for the claims dismissed without prejudice.  The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 11, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7