**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AARON R. WILSON, SR., Plaintiff, | ) | |
| v. | ) | Civil Action No. 26-171-GBW-SRF |
| SERGEANT EUGENE REID, Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 17, 2026, Plaintiff Aaron R. Wilson, Sr. ("Plaintiff") filed this action against Defendant Sergeant Eugene Reid of the Professional Standards Unit of the New Castle County Division of Police ("Defendant") alleging violations of his constitutional rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq*.).[1] Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The court proceeds to review and screen Plaintiff's First Amended Complaint ("FAC") (D.I. 8) pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, I recommend that the Complaint be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

According to the FAC, Plaintiff was stopped and forcibly removed from his vehicle by Officer Banks ("Banks") on an unspecified date. Plaintiff alleges that on February 29, 2024, he informed Banks that he has a "disability" and "presented documentation identifying his

[1] The First Amended Complaint does not identify the alleged constitutional and/or statutory violations so the court liberally construes the pleading as including essentially the same claims asserted in the original complaint because the First Amended Complaint repeats the same core facts from the original pleading. (D.I. 2)

disability." (D.I. 8 at 1) Plaintiff alleges Banks forcibly removed Plaintiff from his vehicle before handcuffing him. (*Id.*) Plaintiff contends Banks escalated their encounter despite the fact that Plaintiff "had no narcotics, weapons, citations, warrants, tickets, or criminal charges." (*Id.*)

Plaintiff filed a complaint against Banks with the New Castle County Division of Police Professional Standards Unit. (D.I. 8-1) The complaint was received by the Professional Standards Unit on February 29, 2026. (*Id.*) Defendant signed a letter addressed to Plaintiff informing Plaintiff that the Professional Standards Unit investigated the complaint and "concluded that OFC Banks acted within departmental policy and did not violate any laws." (*Id.*)

Plaintiff disagrees with the findings of the Professional Standards Unit. Plaintiff takes issue with the findings as he was not interviewed during the investigation nor provided an opportunity to respond before the complaint was closed. (D.I. 8. at 2) Plaintiff alleges recordings reviewed by the Professional Standards Unit contained statements made by Banks in which he relies upon his training as justification for his actions. Plaintiff asserts the recordings of the incident reflect that the level of force used was "unreasonable and unconstitutional."[2] (D.I. 8 at 2)

The original complaint was reviewed and screened pursuant to 28 U.S.C. § 1915(e)(2)(B). On June 11, 2026, the court recommended dismissal without prejudice and granted leave to file an amended pleading. (D.I. 7) Plaintiff filed the FAC on June 16, 2026. On July 27, 2026, the district judge adopted the Report and Recommendation. (D.I 9)

---

[2] Plaintiff filed a related lawsuit against Officer Banks, *Wilson v. Banks*, 26-171-GBW-SRF, which remains pending.

## II. LEGAL STANDARD

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

The FAC fails to cure the deficiencies identified by the court in its prior report recommending dismissal of the original complaint. (D.I. 7, *adopted by* D.I. 9) Therefore, the court recommends dismissal of the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### A. Due Process Claim

Plaintiff alleges Defendant violated Plaintiff's Due Process rights by not interviewing Plaintiff nor giving Plaintiff an opportunity to present an argument before Defendant exonerated Banks and closed the complaint filed with the Professional Standards Unit. (D.I. 8 at 2)

To state a claim under Section 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006); *see also Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).

The FAC does not cure the deficiency found in the original complaint. Plaintiff continues to complain about the Professional Standards Unit's ultimate decision, which Defendant signed. There is no Third Circuit case authority for the proposition that Defendant's failure to include Plaintiff in the Professional Standards Unit's investigation gives rise to federal constitutional due process violations. *See McGill v. Mountainside Police Dep't*, 720 F.Supp. 418, 422 (D.N.J. 1989) ("There is no support for the proposition that an individual has a constitutional right to such an [internal affairs] investigation of police misconduct.") (relying on *Rizzo v. Goode*, 423 U.S. 362 (1976)). Plaintiff does not allege sufficient facts to plausibly suggest that Defendant acted to deny Plaintiff a constitutionally protected liberty or property interest. Accordingly, I recommend that any Due Process claim against Defendant be dismissed for failure to state a claim upon which relief may be granted.

**B. Excessive Force Claim**

Plaintiff alleges that "the conduct approved by the department was unreasonable and unconstitutional." (D.I. 8 at 2)

As the court explained in its prior ruling, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement,

not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Although a supervisor cannot encourage constitutional violations, the supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *see also Matthews v. Graves*, 2014 WL 4743958, at *3 (D. Del. Sept. 19, 2014).

Plaintiff's FAC fails to state an excessive force claim against Defendant. The pleading deficiency has not been corrected because the FAC fails to allege facts that Defendant participated in the alleged violation, directed others to commit the violation, or, as a supervisor, knew of and acquiesced in the officer's conduct. The allegation Defendant "signed off" on the letter finding Banks complied with departmental policy does not support a viable claim against the Defendant. (D.I. 8 at 1) Accordingly, I recommend dismissal with prejudice of Plaintiff's excessive force claim for failure to state a claim upon which relief may be granted.

**C. Americans with Disabilities Act**

The FAC contains vague and conclusory allegations that Plaintiff has a disability, but no plausible claim has been stated against Defendant relating to the alleged disability.

The FAC makes the conclusory allegation that Plaintiff is disabled. (D.I. 8 at 1) Plaintiff states he "informed Officer Banks numerous times of disability," and "presented documentation identifying his disability." (*Id.*) The FAC is devoid of any allegations that Plaintiff's disability "played a role in the ... decision making process" of the Professional Standards Unit, or in the actions of the Defendant. *Haberle v. Troxell*, 885 F.3d 170, 179 (3d Cir. 2018). Accordingly, I recommend that Plaintiff's ADA claim be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Further amendment would not cure the pleading deficiencies. Plaintiff was granted an opportunity to amend his original complaint, but the amended pleading suffers from the same failure to plead viable claims. The focus of both the original complaint and FAC is Plaintiff's disagreement with the outcome of the investigation conducted by the Professional Standards Unit which is not an actionable claim and warrants dismissal of the FAC with prejudice.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below.

## **ORDER**

At Wilmington this __th day of October, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on October, ____, 2026, is ADOPTED.
2. Plaintiff's claims against defendant Sergeant Eugene Reid are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further amendment would be futile.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 29, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE